UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

Case No.

ORLANDO FERRERIA,
individually, and on behalf of others similarly situated,

    Plaintiff

v.

WANDERERS CLUB PARTNERS, LLC, and
WANDERERS CLUB HOLDINGS, LLC,

    Defendants

_____/

# COMPLAINT

Plaintiff, ORLANDO FERRERIA, individually, and on behalf of all others similarly situated, hereby file this Complaint and bring this action against WANDERERS CLUB PARTNERS, LLC, and WANDERERS CLUB HOLDINGS, LLC (collectively, "Defendants"), asserting individual and collective claims under the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. § 201, *et seq.*  In support thereof, Plaintiff alleges as follows:

## INTRODUCTORY STATEMENT

1. Plaintiff, and all similarly situated, are individuals who, at all relevant times, have worked as hourly employees for Defendants at a facility called The Wanderers Club and have held positions that appropriately must be classified as non-exempt under Section 13(a) of the FLSA (29 U.S.C. § 213(a)).

2. As described more fully below, prior to December 2017, all such employees were paid overtime premium compensation for all hours worked in excess of forty (40) hours per week.

However, starting in or about December 2017, Defendants inexplicably and unlawfully began to deny Plaintiff, and all similarly situated, overtime premium compensation based on a legally flawed application of the "seasonal amusement and recreational exemption" of Section 13(a)(3) of the FLSA (29 U.S.C. § 213(a)(3)). This unlawful practice continues to the present day.

3. Under the FLSA, the "seasonal amusement and recreational exemption" is only available to establishments that operate for no more than seven (7) months in any calendar year, or alternatively, satisfy certain financial conditions that are expressly defined in the statutory text. However, Defendants do not legally qualify for the "seasonal amusement and recreational exemption" because, *inter alia*, The Wanderers Club is open for business year round; and, upon information and belief, its average receipts for any six (6) months of each relevant calendar year were always more than thirty-three and one-third percent ($33^{1}/_{3}$ %) of its average receipts for the other six (6) months of such year. Moreover, because application of the "seasonal amusement and recreational exemption" is an accounting question that is based on a straightforward analysis of an establishment's cash receipts, Defendants, at all relevant times, were in a position to realize that they did not qualify for the "seasonal amusement and recreational exemption."

4. Defendants thus knew or showed reckless disregard for the FLSA in denying employees of The Wanderers Club overtime premium compensation starting in December 2017 and continuing to the present. As a result, Defendants have violated, and continue to willfully violate, the FLSA.

5. In addition, the seriousness of Defendants' violation of the FLSA is aggravated by the fact that Plaintiff, and all similarly situated, were required, as a term and condition of their continued employment at The Wanderers Club, to sign statements falsely acknowledging that they are not entitled to overtime premium compensation because of the "seasonal amusement and

recreational exemption." The mandated statements demonstrate, *inter alia*, that Defendants acted willfully to violate the FLSA because Defendants were obviously aware of the requirements of the FLSA and, at all relevant times, consciously chose to flout the law.

6. Two former employees Patrick Coppola and Pamela Spirgarelli brought a claim against Defendant styled as a collective action under the FLSA seeking, *inter alia*, to recover unpaid overtime premium compensation owed to Plaintiff, and all similarly situated, for overtime hours worked in excess of forty (40) hours per week going back three (3) years from the date of the filing of this Complaint; liquidated damages; attorneys' fees and costs; and all other relief this Court deems appropriate. That action was *Coppola, et al. v. Wanderers Club Partners, LLC, et al.* Case Number 20-80647.

7. In the Coppola matter, Defendants alleged in that case, case number 20-8064, DE 21 that all alleged member of a potential collective action were *paid* the unpaid overtime. In fact, Defendants made the payments following the filing the of the case. The Defendants provided copies of the checks sent. (See DE 21- Exhibit C)[1]. Those payments did *not* include liquidated damages or allow the punitive plaintiffs the opportunity to review the amounts owed or their time records.

8. Plaintiff ORLANDO FERRERIA was one of the numerous employees who received a check for back wages without the opportunity to review the records and without liquidated damages.

9. Plaintiff received a letter dated June 1, 2020 enclosing check number 585 in the amount of $1,028.91 for unpaid overtime plus interest. In the letter Wanderers states, "This check is being sent to you because it has come to the attention of the Club that these monies should have

---

[1] Counsel will provide upon request.

been paid but due to an inadvertent misclassification, that was not done. Accordingly, we are providing you this compensation plus interest to rectify the error. (See Letter and Check attached hereto as Exhibit 1).

10. Defendants sent similar letters and partial payments to 128 other employees, on or about June 1, 2020 whom, like plaintiff FERREIRA were identified on DE 26, Exhibit C in the matter of *Coppola, et al. v. Wanderers Club Partners, LLC, et al.* Case Number 20-80647 as having not received proper overtime payments.

11. Defendants did not pay Plaintiff and these 128 similarly situated individuals liquidated damages. These plaintiffs were also not provided an opportunity to review their records to confirm the accuracy of the amount.

12. Plaintiff and others similarly situated are owed liquidated damages which are mandatory under the FLSA.

13. Plaintiff and others similarly situated further seek an opportunity to review their pay records to confirm the amounts are accurate. To the extent the amounts are incorrect, as they may not include the month on December 2017 which was the case for the Plaintiffs in the Coppola matter, Plaintiff seeks payment of *all* unpaid overtime.

14. Plaintiff brings this action on his own behalf and all others similarly situated to recover unpaid overtime, liquidated damages as well as mandatory attorneys' fees and costs.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because one or more of the Defendants reside in this judicial district; and a substantial part of the events and/or omissions giving rise to this action occurred in this judicial district.

## PARTIES

17. Plaintiff, ORLANDO FERRERIA ("Plaintiff" or "Ferreria"), is an adult individual who resides in Palm Beach County, Florida.

18. Defendant, Wanderers Club Partners, LLC ("Defendant WC-Partners"), is a limited liability company that is organized and exists under the laws of the State of Florida; and which operates a business called "The Wanderers Club" at 1900 Aero Club Drive, Wellington, Florida.

19. At all relevant times, Defendant WC-Partners has had annual gross volume of sales made or business done in an amount not less than $500,000.

20. At all relevant times, Defendant WC-Partners has acted through its authorized employees and agents, all of whom were acting within the scope of their employment and/or agency in the course of business, mission, and/or affairs for Defendant WC-Partners.

21. Defendant, Wanderers Club Holdings, LLC ("Defendant WC-Holdings"), is a limited liability company that is organized and exists under the laws of the State of Florida; and which, upon information and belief, maintains a principal place of business at 13501 South Shore Boulevard, Suite 103, Wellington, Florida.

22. At all relevant times, Defendant WC-Holdings has had an annual gross volume of sales made or business done in an amount not less than $500,000.

23. At all relevant times, Defendant WC-Holdings has acted through its authorized employees and agents, all of whom were acting within the scope of their employment and/or agency in the course of business, mission, and/or affairs for Defendant WC-Holdings.

24. At all relevant times, Defendants have functioned, and continue to function, as a single enterprise for purposes of the FLSA because Defendants have engaged, and continue to engage, in related activities performed for a common business purpose under unified operation and/or common control.

25. At all relevant times, Defendants have functioned, and continue to function, as joint employers under the FLSA.

26. At all relevant times, Defendants jointly exercised direct control over the terms and conditions of Plaintiff's employment.

## GENERAL FACTUAL ALLEGATIONS

**A.  Background Regarding Defendants' Improper Utilization of the "Seasonal Amusement and Recreational Exemption"**

27. Since approximately 2016, Defendants have owned and operated – as a single enterprise and/or as joint employers – a private membership club known as The Wanderers Club that offers members year-round access to, *inter alia*, a full eighteen (18) hole golf course; two (2) short-game golf practice areas; a driving range; tennis courts; a four thousand (4,000) square foot state-of-the-art fitness center, with a massage room and a sauna; an Olympic-size swimming pool; several restaurants and bars; and a ballroom and other spaces that are rented for weddings, meetings, and special events.

28. In addition, members of The Wanderers Club may take lessons from golf and tennis pros, and may sign up for individualized and group fitness classes.

29. The Wanderers Club generates revenue throughout the course of the year from, *inter alia*, membership initiation fees, membership dues, food and beverage sales, event rentals, green fees, tennis court fees, fitness class fees, and golf and tennis pro shop retail sales.

30. The Wanderers Club is open all twelve (12) months of the year. Indeed, it never closes as demonstrated by the fact that the facility's fitness center is open twenty-four (24) hours each and every day.

31. In order to provide the above-referenced services, Defendants maintain a staff at The Wanderers Club consisting of approximately two hundred (200) employees, which includes, *inter alia*, maintenance workers, non-tipped food and beverage workers, cooks, housekeepers, activities staff, golf and tennis pros, golf and tennis pro shop retail workers, and office staff.

32. The vast majority of employees who, at all relevant times, worked and continue to work for Defendants at The Wanderers Club are appropriately classified as non-exempt under the FLSA because they never have satisfied any of the exemptions set forth under Section 13(a) of the FLSA (29 U.S.C. § 213(a)). Consequently, all such non-exempt employees are entitled to an hourly rate of pay no less than minimum wage and an overtime premium rate of time-and-half their regular rate of pay for all hours worked in excess of forty (40) hours per week.

33. In or about December 2017, Defendants began to unlawfully claim coverage under the "seasonal amusement and recreational exemption" of the FLSA, and accordingly, subject all such otherwise non-exempt employees to a uniform policy and practice of denying them overtime premium compensation for any hours worked in excess of forty (40) hours per week.

34. Under the FLSA, the "seasonal amusement and recreational exemption" is only available to an employer "which is an amusement or recreational establishment, organized camp, or religious or non-profit educational conference, if (A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than $33^1/_3$ per centum of its average receipts for the other six months of such year…" See 29 U.S.C. § 213(a)(3).

35. At all relevant times, Defendants' reliance on the "seasonal amusement and recreational exemption" has and continues to be unlawful because, *inter alia*:

(a) The Wanderers Club does not qualify as "an amusement or recreational establishment, organized camp, or religious or non-profit educational conference"; and

(b) Upon information and belief, there was no calendar year from 2016 to the present in which The Wanderers' Club's average receipts for any six (6) months of such year were not more than thirty-three and one-third percent ($33^{1}/_{3}$ %) of its average receipts for the other six (6) months of such year.

36. Moreover, because the applicability of the "seasonal amusement and recreational exemption" is, in part, determined by an analysis of an establishment's cash receipts from the previous calendar year, Defendants knew that they were in violation of the law or showed reckless disregard for the law; and thus acted willfully, in denying their non-exempt employees overtime premium pay solely under the "seasonal amusement and recreational exemption."

37. Worse yet, in or about December 2017, Defendants required each current employee of The Wanderers Club, as a term and condition of continued employment, to sign a form falsely and wrongfully acknowledging that they were exempt from overtime pay because of the "seasonal amusement and recreational exemption" under the FLSA ("the False Disclosure Form"). On information and belief, each False Disclosure Form substantially stated, as follows:

**WANDERERS CLUB PARTNERS, LLC**
**DISCLOSURE TO EMPLOYEES THAT IT IS EXEMPT**
**FROM THE PAYMENT OF OVERTIME**
**UNDER THE FAIR LABOR STANDARDS ACT**

Wanderers Club Partner, LLC is exempt from the payment of overtime pay under the Fair Labor Standards Act by virtue of the Seasonal Amusement or Recreational Exemption. I acknowledge as an employee of

Wanderers Club, LLC, that I will not be paid overtime pay even if I work more than forty (40) hours per week.

By: _____
      Printed Name

_____
Signature

Date: _____

38. After December 2017, Defendants also required all new hires at The Wanderers Club to sign a False Disclosure Form as a term and condition of commencing employment.

39. Upon information and belief, Defendants required all employees at The Wanderers Club to sign a False Disclosure Form in order to cause such employees to incorrectly believe that they were not entitled to overtime premium compensation and/or to dissuade such employees from independently investigating the issue of whether they were and are entitled to overtime premium compensation for all hour worked in excess for forty (40) per week at The Wanderers Club.

40. Because Defendants knew that they were not entitled to rely on the "seasonal amusement and recreational exemption" as a basis to deny non-exempt employees overtime premium compensation, or showed reckless disregard for the law, the act of requiring each employee to sign a False Disclosure Form additionally demonstrates Defendants' willfulness.

41. Since December 2017, many non-exempt employees at The Wanderers Club have worked in excess of forty (40) hours per week but have not been compensated at a rate of time-and-a-half for such overtime hours worked.

42. For example, some non-exempt employees at The Wanderers Club regularly work in excess of fifty (50) or sixty (60) hours per week without overtime compensation.

43. At no relevant time have Defendants had any lawful basis to deny any otherwise non-exempt employees overtime premium compensation for any hours worked in excess of forty (40) hours per week.

44. However, upon information and belief, Defendants have not paid any employee at The Wanderers Club overtime premium compensation since approximately December 2017.

B. **Facts Relevant to Plaintiff**

45. Plaintiff Orlando was employed by Defendants Wanderers during the relevant time period of December 2016 through October 2018.

46. Following the filing of the *Coppola* matter, he and 128 other non-exempt employees received purported back wage payments from Defendants but did not receive liquidated damages or an opportunity to review the time records.

47. Plaintiff received a check in the net amount of $893.08 (Gross $1,028.91). (See Exhibit 1).

48. Plaintiff contends his check is not accurate and further seeks liquidated damages.

49. Plaintiff on behalf of all other class members contends the amounts paid were incorrect and seek additional overtime and mandatory liquidated damages.

## COLLECTIVE ALLEGATIONS

50. Each of the preceding paragraphs of this Complaint are incorporated by reference herein as though fully set forth at length below.

51. This action is filed on behalf of all of Defendants employee who received partial wage payments on or about June 1, 2020 whom, like plaintiff FERREIRA were identified on DE 26, Exhibit C in the matter of *Coppola, et al. v. Wanderers Club Partners, LLC, et al.* Case Number 20-80647 as having not received overtime and whom were paid back wages but not liquidated

damages. These plaintiffs were also not provided an opportunity to review their records to confirm the accuracy of the amount.

52. Defendants' non-compliance with the FLSA was willful.

53. Plaintiff, individually and on behalf of all similarly situated employees, seek relief on a collective basis under Section 16(b) of the FLSA (29 U.S.C. § 216(b)) seeking the liquidated damages denied to Plaintiff and an opportunity to review their records to confirm the accuracy of the payments.

54. Accordingly, Plaintiff brings this action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of themselves and all those similarly situated, with the following proposed collective definition ("the Collective"):

> *All persons employed by Defendants at The Wanderers Club within the three (3) years preceding the filing of this action* whom received partial wage payments on or about June 1, 2020 identified on DE 26, Exhibit C in the matter of *Coppola, et al. v. Wanderers Club Partners, LLC, et al.* Case Number 20-80647
>
> These plaintiffs seek an opportunity to review their records, unpaid overtime for any miscalculations, and liquidated damages.

55. These plaintiffs were also not provided an opportunity to review their records to confirm the accuracy of the amount.

56. Plaintiff and all other such members of the Collective are similarly situated in that:

 (a) They all currently work, or previously worked, for Defendants at The Wanderers Club;

 (b) They all were subject to the same pay policies and practices;

 (c) They were all were required to sign False Disclosure Statements as a term and condition of employment with Defendants at The Wanderers Club;

(d) Defendants denied all of them overtime premium compensation for hours worked in excess of forty (40) hours per week based solely on the unlawful claim that they are exempt under the "seasonal amusement and recreational exemption" of the FLSA;

(e) They received partial wage payments on or about June 1, 2020.

(f) They were not paid mandatory liquidated damages; and

(g) They were not provided an opportunity to review the records.

## COUNT I – FLSA OVERTIME VIOLATION

57. Each of the preceding paragraphs of this Complaint are incorporated by reference herein as though fully set forth at length below.

58. At all relevant times, Defendants have been subject to the overtime premium pay requirements of Section 7(a) of the FLSA (29 U.S.C. § 207(a)) because they own and operate – as a single enterprise and/or as joint employers – The Wanderers Club, which, at all relevant times:

(a) Has had employees engaged in commerce or in the production of goods for commerce, or that has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(b) Has been an enterprise under the FLSA whose annual gross volume of sales made or business done is not less than $500,000.00.

59. At all relevant times, Defendants have employed Plaintiff and each member of the Collective consistent with the terms of the FLSA.

60. Plaintiff and all other members of the Collective were, or continue to be, employees of Defendants within the meaning of the FLSA; and as a result, at all relevant times, Plaintiff and

all other members of the Collective have been, and continue to be, entitled to, *inter alia*, receive overtime premium compensation from Defendants for all hours worked in excess of forty (40) hours per week.

61. Section 13 of the FLSA (29 U.S.C. § 213), exempts certain categories of employees from federal minimum wage and overtime wage obligations. None of these FLSA exemptions apply to Plaintiff or any other member of the Collective.

62. At all relevant times, Plaintiff and all other members of the Collective have been subjected to a uniform compensation policy and/or practice that unlawfully has, and continues to, deprive them of overtime premium compensation in violation of Section 207(a) of the FLSA (29 U.S.C. § 207(a)).

63. This uniform policy and/or practice has, at all relevant times, been applied, and continues to be applied, to all employees of The Wanderers Club who appropriately must be classified as non-exempt under Section 13(a) of the FLSA (29 U.S.C. § 213(a)).

64. As a direct and proximate result of Defendants' unlawful conduct, Defendants have violated the FLSA.

65. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and all other members of the Collective have been damaged.

66. At all relevant times, Defendants have acted, and continued to act, willfully or have showed reckless disregard of the FLSA, by failing or refusing to pay their non-exempt employees timely overtime premium compensation for all hours worked in excess of forty (40) hours per week.

67. While Plaintiff's received back wages they have not received liquidated damages or had a chance to review he records for accuracy.

68. Plaintiff and all other members of the Collective are entitled to damages equal to the amount of all overtime premium compensation owed to them, within the three (3) years from the date each Plaintiff joins this action, plus periods of equitable tolling.

69. Defendants have acted neither in good faith nor with reasonable grounds to believe that their acts and/or omissions were not a violation of the FLSA; and as a result, Plaintiff and all members of Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium compensation due to them under Section 16(b) of the FLSA (29 U.S.C. § 216(b)).  Alternatively, should the Court find that Defendants acted in good faith and/or had reasonable grounds to believe that their acts and/or omissions were not in violation of the FLSA, then Plaintiff and the other members of the Collective are entitled to an award of prejudgment interest at the applicable legal rate.

WHEREFORE, Plaintiff respectfully request:

(a) A Declaration that Defendants have violated the FLSA;

(b) All applicable damages under the FLSA including, but not limited, to an award of actual damages and liquidated damages (or, in lieu of liquidated damages, an award of prejudgment interest);

(c) An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. § 216(b);

(d) An Order appointing Plaintiff and their undersigned counsel to represent those individuals opting-in to the collective action;

(e) An Order awarding attorneys' fees and costs; and

(f) All other relief the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial in this action of all claims triable by a jury.

Respectfully submitted this 16th day of November 2020.

>SCOTT WAGNER & ASSOCIATES, P.A.
>Jupiter Gardens
>250 South Central Boulevard
>Suite 104-A
>Jupiter, FL 33458
>Telephone: (561) 653-0008
>Facsimile: (561) 653-0020
>
>s/Cathleen Scott
>Cathleen Scott, Esq.
>Florida Bar Number 135331
>Primary e-mail: CScott@scottwagnerlaw.com
>Secondary e-mail: mail@scottwagnerlaw.com
>Secondary Address: 101 Northpoint Parkway
>West Palm Beach, FL 33407
>www.ScottWagnerLaw.com